Zel M. Fischer, Judge,
dissenting.
I respectfully dissent. I agree with the principal opinion that Eisenstein has violated Rules 4-4.4(a), 4-8.4(e), 4-3.4(a), and 4-8.4(d), and that Eisenstein should be suspended indefinitely. However, in my view, Eisenstein should be suspended indefinitely with no leave to apply for reinstatement for 12 months, rather than 6 months.[1]
As noted in the principal opinion, this Court has' sought guidance from the ABA Standards for Imposing Lawyer Sanctions. See, e.g., In re Coleman, 295 S.W.3d 857, 869 (Mo. banc 2009). The principal opinion correctly concludes that Eisenstein’s misconduct warrants a suspension under Standards 6.1 and 6.12. Under the ABA Standards, six months is the minimum pe *765 riod of time that a suspension should last before an attorney is allowed to seek reinstatement. ABA Standard 2.8. That is, the recommended baseline discipline for misconduct warranting a suspension is a suspension with no leave to apply for reinstatement for six months. Id. Under Standard 9.1, an adjustment to the baseline discipline may then be justified by the presence of aggravating or mitigating factors. .
Despite purporting to consider aggravating and mitigating factors, and further finding there are no mitigating factors in this case but only aggravating factors, the principal opinion still'concludes the baseline discipline is appropriate. This creates a noticeable disconnect between the principal opinion’s purported process and its ultimate conclusion. While there are no mitigating factors in this case, there are indeed numerous aggravating factors present that justify- an upward deviation from the baseline discipline, including: (1) prior disciplinary offenses; (2) a dishonest or selfish motive; .(3) a pattern of misconduct; (4) multiple offenses; (5) refusal to acknowledge the wrongful nature of his conduct; and (6) substantial experience in the practice of law. See Standards ■ 9.22, 9.32. There were, multiple instances of misconduct and multiple rules violations by Eisenstein in this case alone, and Eisenstein, who has continually refused to acknowledge any wrongdoing and even threatened a fellow attorney in an attempt to quiet any accusations of wrongdoing, has already been disciplined five times in the last 25 years, including one suspension. Accordingly, if the lack of mitigating factors and multiplicity of aggravating factors are truly given due consideration, something greater than the baseline discipline is warranted.
More persuasive than the ABA Standards, this Court should be guided by its actions in past disciplinary cases. In re Stewart, 342 S.W.3d 307, 310 (Mo. banc 2011). In the past, this -Court has not just acknowledged aggravating and mitigating factors, but actually accounted for such factors in deviating from the appropriate baseline discipline. See, e.g., In re Crews, 159 S.W.3d 355, 359-61 (Mo. banc 2005) (determining suspension was justified and suspending attorney indefinitely with no leave to apply for reinstatement for one year where there were numerous rule violations and attorney refused to recognize his wrongdoing); In re Donaho, 98 S.W.3d 871, 875-76 (Mo. banc 2003) (determining disbarment could be justified, finding suspension appropriate after consideration of mitigating factors, and 'suspending attorney indefinitely with no léave to apply for reinstatement for 12 months, rather than the 9 months recommended by the OCDC, after consideration of aggravating factors). Moreover, this Court “adheres to a practice of applying progressive discipline when imposing sanctions on attorneys who commit misconduct.” In re Forck, 418 S.W.3d 437, 444 (Mo. banc 2014); see also In re Ehler, 319 S.W.3d 442, 445 (Mo. banc 2010) (disbarring attorney after attorney previously received a six-month stayed suspension with two-year term of probation and then committed further misconduct). Notably, this Court has already once before- suspended Eisenstein indefinitely with no leave to apply for reinstatement for six months.
“The goals of attorney discipline are to protect the public, ensure the administration of justice; and maintain the integrity of the profession.” In re Coleman, 295 S.W.3d at 869. Eisensteiris misconduct in this particular case'has been prejudicial to the administration of justice and his continued misconduct denigrates the integrity of the profession. Following' the ABA Standards and this Court’s- past’ practices, Eisenstein’s misconduct certainly warrants *766 a suspension. However, the baseline discipline for misconduct warranting a suspension is simply insufficient when considering the goals of attorney discipline, the aggravating factors in this case, and this Court’s previous discipline of Eisenstein. I would, therefore, suspend Eisenstein indefinitely with no leave to apply for reinstatement for 12 months.

. I also agree with Judge Wilson’s dissenting opinion that it was inappropriate for Eisenstein to solicit letters of support in an effort to influence this Court, and that such letters were not part of the record before this Court.